The Honorable Jack Gibson, Executive Director Arkansas Livestock and Poultry Commission P.O. Box 8505 One Natural Resources Drive Little Rock, Arkansas 72215
Dear Mr. Gibson:
This official Attorney General opinion is rendered in response to a question you have raised concerning certain records maintained in the office of the Livestock and Poultry Commission.
You indicate that the Livestock and Poultry Commission has been required by a recent USDA directive to obtain records concerning the health, age, and location of some flocks of chickens that are owned by various broiler integrated poultry companies located in the State of Arkansas.
You have asked:
 Are these records subject to disclosure under the Freedom of Information Act?
I must note initially that the Freedom of Information Act (FOIA) [A.C.A. § 25-19-101 et seq.] does not specifically address the question you have raised, nor have the Arkansas courts addressed it. It is a matter that can only be definitively determined by judicial or legislative clarification. Pending such clarification, it is my opinion that the records about which you have inquired are subject to disclosure under the FOIA unless they can be factually established to fall within an exemption from the disclosure requirement. The question of whether a particular exemption is applicable is a question of fact that must be determined in light of the circumstances of each case. For this reason, I cannot opine definitively as to whether these records are subject to an exemption; nevertheless, I note that a viable argument could be made in many cases that the "competitive advantage" exemption, stated in A.C.A. §25-19-105(9)(A), should apply.
The FOIA requires that "public records" be made available to Arkansas citizens, if requested, unless they are subject to an exemption from the disclosure requirements. See A.C.A. § 25-19-205. The term "public records," within the meaning of the FOIA, is defined as follows:
As used in this chapter, unless the context otherwise requires:
 (1) "Public records" means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
It is my opinion that the records about which you have inquired do constitute "public records" as that term is defined by the FOIA. These records not only are required by law to be maintained by companies that participate in the National Poultry Improvement Plan and the state agencies that regulate them, see 9 CFR § 145, they also contain information that reflects the agency's performance of certain duties, including certain evaluations of the health of the flock in question and certain approvals granted by the agency.[1]
Accordingly, because these records constitute "public records," they are required to be made available to the public unless they are subject to an exemption from disclosure. See A.C.A. § 25-19-105.
The one exemption stated in the FOIA that might be found to apply most consistently to fact situations involving records such as those about which you have inquired is the "competitive advantage" exemption,[2]
which is stated in A.C.A. § 25-19-105(b)(9)(A), as follows:
Examination and copying of public records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (9)(A) Files which, if disclosed, would give advantage to competitors or bidders;
A.C.A. § 25-19-105(b)(9)(A).
As indicated previously, a determination of whether the "competitive advantage" exemption is applicable must be made on a case-by-case basis.See also Ops. Att'y Gen. Nos. 97-071; 95-108; and 91-390. I have previously followed the federal test in construing this exemption. See,e.g., Ops. Att'y Gen. Nos. 97-071; 96-363; 94-015; and 91-390. The federal courts, in determining whether records should be exempt under the federal FOIA's confidentiality provision [5 U.S.C.A. § 552(b)(4)] have required that release of the information would be likely to have either of the following effects: (1) impair the government's ability to obtain necessary information in the future; or (2) cause substantial harm to the competitive position of the entity from whom the information was obtained. See National Parks Conservation Ass'n v. Morton,615 F.2d 527 (D.C. Cir. 1979). The burden of proving eligibility for the exemption is upon the entity seeking nondisclosure. See Gannett River StatesPublishing Co. v. Arkansas Indus. Dev. Comm'n., 303 Ark. 684,799 S.W.2d 543 (1990). Specific factual or evidentiary material must be presented showing actual competition and the likelihood of substantial competitive injury from disclosure of the records. Op. Att'y Gen. No.97-071. A review and evaluation of the records for which the exemption is claimed is highly factual in nature and must be undertaken by the custodian of the records with the assistance of the entity claiming competitive harm. Id.
The nature of the information that is included in the records about which you have inquired appears to be particularly susceptible to misuse by competitors. Although I reiterate that the specific facts of each case must be considered, it appears that a viable argument could be made in many instances that the "competitive advantage" exemption should be applicable to this type of information.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The records about which you have inquired consist of the forms that are specified by 9 CFR § 145.
[2] Other exceptions could, of course, be found to apply under certain factual circumstances, such as the exceptions stated in A.C.A. §25-19-105(b)(6) and (b)(8).